IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**APOLONIO LOPEZ,**

    **Petitioner,**

                            **CASE NO. 2:07-CV-482**
  **vs.**                           **JUDGE SMITH**
                            **MAGISTRATE JUDGE KING**

**STATE OF OHIO, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may proceed on his exhausted claims, *i.e.*, his allegations that he did not understand the proceedings against him and that his sentence is improperly disproportionate to that of his co-defendant; however, as noted by the respondent, these claims appear to be procedurally defaulted.

## PROCEDURAL HISTORY

Petitioner was indicted by the January 2005 term of the Muskingum County grand jury on two counts of possession of drugs, in violation of O.R.C. §2925.11(A), with specifications. *Exhibit 1 to Return of Writ.* On April 19, 2005, while represented by counsel, petitioner pleaded guilty to the all of the charges against him. The major drug specification was dismissed at sentencing. *Exhibits 5 and 7 to Return of Writ.* On June 6, 2005, the trial

court sentenced petitioner to eight years on count one and three years on count two, such sentences to be served concurrently with each other, for an aggregate term of eight years. *Exhibit 6 to Return of Writ.* Petitioner did not file a timely appeal. On January 26, 2006, petitioner filed a petition for post conviction relief with the state trial court. He asserted that his sentence violated *Blakely v. Washington*, 542 U.S. 296 (2004), because he had been sentenced to a non-minimum term as a first time offender based on facts neither admitted by him nor found by a jury, that he had been improperly sentenced in disparate proportion to the sentence of his co-defendant and that, because the interpreter had not been available for conferences with his attorney, he had an inadequate understanding of courtroom proceedings. *Exhibit 8 to Return of Writ.* On February 3, 2006, the trial court denied the post conviction petition. *Exhibit 9 to Return of Writ.* Petitioner filed a timely appeal. He raised the following assignments of error:

> I. THE MUSKINGUM COUNTY COMMON PLEAS COURT VIOLATED DEFENDANT-APPELLANT'S SIXTH AMENDMENT RIGHT BY INCREASING PUNISHMENT ON FACTORS NOT SUBMITTED TO A JURY AND PROVEN BEYOND A REASONABLE DOUBT OR ADMITTED BY THE DEFENDANT-APPELLANT.
>
> II. DEFENDANT-APPELLANT IS A FIRST TIME OFFENDER UNDER OHIO REVISED CODE 2929.14(B), AND IS ENTITLED UNDER THE FOURTEENTH AMENDMENT TO THE SHORTEST PRISON TERM AVAILABLE FOR THE OFFENSES FOR WHICH DEFENDANT-APPELLANT WAS CONVICTED.
>
> III. DEFENDANT-APPELLANT STATES THAT HE IS NO [SIC] A MULTISTATE OFFENDER, HAVING NO OTHER FELONY CONVICTIONS OR PRISON TERMS, WHICH WAS

>   A FACTOR USED BY THE TRIAL COURT TO ENHANCE DEFENDANT-APPELLANT'S SENTENCE.
>
>   IV. DEFENDANT-APPELLANT ARGUES DISPARITY IN THE SENTENCE BETWEEN HIS CO-DEFENDANT IN *STATE OF OHIO VS. CAROLYN SHEPHARD,* CR2005-029(B), WHEN BOTH DEFENDANT-APPELLANT AND CODEFENDANT WERE CONVICTED OF THE SAME CRIMINAL VIOLATIONS.
>
>   V. DEFENDANT-APPELLANT ARGUES THAT THE SPANISH/ENGLISH INTERPRETER AND TRANSLATOR WAS NOT AVAILABLE AT THE OUT-OF-COURT CONFERENCES HELD WITH HIS ATTORNEY, MR. KAIDO, WHICH DISALLOWED HIM TO HAVE A FULL UNDERSTANDING OF THE COURTROOM PROCEEDINGS.
>
>   VI. DEFENDANT-APPELLANT'S SENTENCE IS CONSTITUTIONALLY INVALID AND HE REQUESTS TO BE RESENTENCED IN ACCORDANCE WITH THE RULE IN *BLAKELY V. WASHINGTON* (2004) 124 S.CT. 2531, AND PURSUANT TO THE RULE IN *STATE V. GOSTER,* [SIC] OHIO ST. 3D, 2006-OHIO-856."

*State v. Lopez*, 2006 WL 3746058 (Ohio App. 5 Dist. December 15, 2006). On December 15, 2006, the appellate court dismissed petitioner's post conviction petition. Petitioner never filed an appeal to the Ohio Supreme Court.[1]

On May 25, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

   1. Violation of constitutional rights as stated in post conviction

---

[1] Petitioner states that he attempted to file an appeal to the Ohio Supreme Court, but that his filing was returned as untimely because the Ohio Supreme Court does not recognize the mail box rule. *Traverse*, at 2.

> relief motion Exhibit A and supplement Exhibit B....
>
> 2.  Violation of constitutional rights as set out in post conviction relief motion and supplement....
>
> 3.  Ineffective assistance of counsel.
>
> Counsel ineffective for not preserving for appeal or presenting to sentencing court the grounds stated in post conviction relief motion – mainly the fact that petitioner's co-defendant, with no criminal record but more culpable, received a (3) three year sentence to petitioner's 8 years, when he was "never" convicted of any crime in Arizona – reasons used to give defendant 8 years. Court never addressed supplement motion with ground of ineffective assistance of counsel, nor the Fifth Appellate District Court or the Ohio Supreme Court.

It is the position of the respondent that all of petitioner's claims are procedurally defaulted.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims

he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

In claims one and two, petitioner asserts, *inter alia*, that his sentence violated *Blakely*, and that the trial court sentenced him based upon misinformation regarding his prior convictions. In claim three, petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to object to his sentence as improper. To the extent that these claims are readily apparent from the face of the record, such claims should have been raised on direct appeal, but were not. Petitioner attempted to raise these on-the-record claims in post conviction proceedings; however, the state appellate court refused to address the claims that could have been raised on direct appeal as barred under Ohio's doctrine of *res judicata*:

> The first, second, third, fourth, eighth and ninth counts of appellant's petition for post-conviction relief assert the invalidity of his sentence, citing *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531.
>
> The Ohio Supreme Court recently ruled in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, that certain portions of Ohio's felony sentencing laws, R.C. 2929.14(B), 2929.14(E)(4) and 2929.19(B)(2), as well as other sections of the Ohio Revised Code, violate the Sixth Amendment to the United States Constitution, pursuant to *Blakely, supra* and *Apprendi v. New Jersey* (2000), 530 U.S. 466. The court then held severance of the offending portions of the sentencing statute was the proper remedy, *Foster, supra*, and that the cases before the court "and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent" with the court's opinion. *Id*. Consistent with the United States Supreme Court's holding in *United States v. Booker* (2005), 543 U.S. 220, the court in *Foster* only applied its holding retroactively to

5

cases pending on direct review or not yet final. *Id*.

The United States Supreme Court has not made the decision in *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, retroactive to cases already final on direct review. This Court, as well as numerous other courts around the State, has found *Blakely* does not apply retroactively to cases already final on direct review. *State v. Craig*, Licking App. No. 2005CA16, 2005-Ohio-5300; *State v. Myers*, Franklin App. No. 05AP-228, 2005-Ohio-5998 (concluding *Blakely* does not apply retroactively to cases seeking collateral review of a conviction); *State v. Cruse,* Franklin App. No. 05AP-125, 2005-Ohio-5095; *State v. Stillman*, Fairfield App. No. 2005-CA-55, 2005-Ohio-6299 (concluding U.S. Supreme Court did not make *Blakely* retroactive to cases already final on direct review).

Upon review of appellant's petition for post-conviction relief demonstrates the arguments made in counts one, two, three, four, eight and nine were capable of being raised on direct appeal from his sentence; therefore, *res judicata* applies.

Appellant's first, second and sixth assignments of error are overruled.

In the third assignment of error, appellant maintains the trial court erred in finding he was a multi-state offender, with a prior prison record.

Appellant's petition for post-conviction relief does not identify new evidence supporting his claims, which were not in the record at the time of his plea. Appellant's self-serving, conclusory statements are not sufficient.

Accordingly, appellant's argument could have been raised on direct appeal from his sentence; therefore, the doctrine of *res judicata* applies.

The third assignment of error is overruled.

*State v. Lopez,* 2006 WL 3746058 (Ohio App. 5 Dist. December 15, 2006).

Thus, the state appellate court held that, although petitioner had not pursued a direct appeal from his conviction, the claims that could have been raised on such an appeal were *res judicata* in his post conviction action. *Id.* Notwithstanding that holding, petitioner may still pursue a motion for delayed appeal pursuant to Ohio Appellate Rule 5(A).[2] Because at least some of the claims asserted in the petition may still be presented to the state courts, this habeas corpus petition is not completely unexhausted.

Ordinarily, a petition that presents unexhausted claims should be dismissed. *See Rose v. Lundy,* 455 U.S. 509 (1982). However, the statute of limitations will likely bar petitioner from re-filing his habeas corpus petition upon exhaustion of those claims.[3]

Under such circumstances, the Court may consider staying the case and holding the

---

[2] Ohio Appellate Rule 5(A) provides:

**(A) Motion by defendant for delayed appeal.**

(1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

(a) Criminal proceedings;

              \*     \*     \*

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

[3] While petitioner appears to have filed his habeas corpus petition in a timely manner, *see Return of Writ,* at 5-8, the time period during which a federal habeas corpus petition is pending does not toll the running of the statute of limitations, *Duncan v. Walker,* 533 U.S. 167 (2001).

case in abeyance during the exhaustion process:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").
>
> \*\*\*
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. See *id.,* at 520, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines v. Weber,* 544 U.S. 269, 277-278 (2005). In *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), the Supreme Court stated:

> A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

As of yet, there is little guidance as to what constitutes good cause for failing to exhaust state court remedies.

> Various courts have adopted the standard for cause applicable to procedural defaults which requires that some "objective factor external to the defense" made it impossible to bring the claim earlier in the state court proceedings as required by *Coleman v. Thompson,* 501 U.S. 722, 755, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See e.g., Fernandez v. Artuz* 2006 WL 121943, *5 (S.D.N.Y., January 18, 2006); *Pierce v. Hurley,* 2006 WL 143717, *8 (S.D.Ohio, January 18, 2006); *Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Hernandez v. Sullivan,* 397 F.Supp.2d 1205, 1207 (C.D.Cal., 2005). Others, such as *Jackson v. Roe,* 425 F.3d 654 (9th Cir.2005), and the remanded *Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005), conclude that the cause standard of *Rhines* requires a lesser showing than that for procedural default.
>
> In *Jackson v. Roe,* the Ninth Circuit Court of Appeals concluded that good cause did not require a showing of "extraordinary circumstances." The Court said
>
> [W]e hold that the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines. See NLRB v. Zeno Table Co.,* 610 F.2d 567, 569 (9th Cir.1979) (distinguishing between the "good cause" standard found in NLRB regulations and the "extraordinary circumstances" standard in section 10(e) of the National Labor Relations Act and noting that " 'good cause' ••• appears to be less stringent than ••• 'extraordinary circumstances' ').

9

*Jackson,* 425 F.3d at 661-62.

Thus, it would appear that good cause under *Rhines,* at least in [the Ninth] Circuit, should not be so strict a standard as to require a showing of some extreme and unusual event beyond the control of the defendant. This is supported by the Supreme Court's observation in *Pace v. DiGuglielmo,* 544 U.S. 408, ----, 125 S.Ct. 1807, 1813-14, 161 L.Ed.2d 669 (2005), wherein the Court declared that a petitioner's confusion over whether or not his petition would be timely filed was "good cause" for the petitioner to file his unexhausted petition in the federal court.

Another court to discuss the standard of good cause under *Rhines* was the Eastern District of Pennsylvania. That court concluded that the good cause standard falls somewhere between the "lower threshold of unfairness," and the "higher standard of extraordinary circumstances, necessary for equitable tolling in capital cases." *See Baker v. Horn,* 383 F.Supp.2d 720, 747 (E.D.Pa.2005). This discussion of *Rhines,* while in the context of equitable tolling of a federal challenge in a capital case, examined whether the court should previously have granted a stay of the petition considering the petitioner's particular circumstances and the shifting state of the law in Pennsylvania at the time the original petitioner was filed.

The federal district courts have also developed a split of authority on whether ineffective assistance of post-conviction counsel qualifies as good cause to permit a stay of the federal proceedings. At least five district courts found that alleged ineffective assistance of counsel during post-conviction proceedings did constitute good cause for failure to exhaust claims in state proceedings, most without much discussion of the matter. *See e.g., Rhines v. Weber,* 2005 WL 3466015, *2-3 (D.S.D., December 19, 2005); *Ramchair v. Conway,* 2005 WL 2786975 at *16 (E.D.N.Y., October 26, 2005); *Boyd v. Jones,* 2005 WL 2656639 at *4 (E.D.Mich., October 14, 2005); *Fradiue v. Pliler,* 2005 WL 2204862 at *2 (E.D.Cal., September 8, 2005); and *Martin v. Warren,* 2005 WL 2173365 at *2 (E.D.Mich., September 2, 2005). Similarly at least three district courts found that alleged ineffective assistance of counsel during post-conviction

> proceedings did not constitute good cause. *See, e.g., Carter v. Friel,* 2006 WL 208872, *3 (D.Utah, January 6, 2006); *Vasquez v. Parrott,* 397 F.Supp.2d 452, 464 (S.D.N.Y., 2005); *Hubbert v. Renico,* 2005 WL 2173612 at *3 (E.D.Mich., September 7, 2005). Thus, the split of authority is broad and varied. However, the discussions by the Pennsylvania court in *Baker* and the Ninth Circuit in *Jackson* support ... [the] conclusion that the good cause standard applicable in consideration of a request for stay and abeyance of a federal habeas petition requires the petitioner to show that he was prevented from raising the claim, either by his own ignorance or confusion about the law or the status of his case, or by circumstances over which he had little or no control, such as the actions of counsel either in contravention of the petitioner's clearly expressed desire to raise the claim or when petitioner had no knowledge of the claim's existence.

*Riner v. Crawford,* 415 F.Supp.2d 1207, 1209-11 (D.Nevada 2006).

While nothing in the record indicates that petitioner has engaged in "intentional dilatory litigation tactics," *Rhines v. Weber, supra*, it does not appear that petitioner can establish good cause for his failure to pursue a direct appeal. As discussed, the state appellate court notified petitioner in its December 15, 2006, dismissal of his post conviction appeal that his claims should have been raised on direct appeal, and not in post conviction proceedings. *See State v. Lopez*, 2006 WL 3746058 (Ohio App. 5 Dist. December 15, 2006). Yet petitioner offers no explanation for his failure to do so to date. Further, the record does not indicate that his unexhausted claims are potentially meritorious. As discussed by the state appellate court, petitioner's allegation that the trial court improperly sentenced him on the basis of misinformation about his prior convictions appears to be without record support. *State v. Lopez, supra*. Further, both the trial court's judgment entry of sentence as

11

well as the sentencing transcript reflect that the trial court imposed more than the minimum term of incarceration based upon petitioner's prior criminal record, the nature of his conviction, and his illegal alien status, which he admitted at the time of his guilty plea. *See Transcripts, Guilty Plea and Sentencing, Exhibits 6, 17 and 18 to Return of Writ.* Similarly, petitioner's ineffective assistance of counsel claim does not appear to be potentially meritorious. Finally, to the extent that petitioner's claims raise issues regarding the violation of state law, such claims would not be appropriate for federal habeas corpus relief. 28 U.S.C. 2254(a); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

For all the foregoing reasons, the Magistrate Judge finds that petitioner has not exhausted each of his claims but concludes that a stay pending exhaustion is not warranted under *Rhines v. Weber, supra.* The Magistrate Judge therefore **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may proceed on his exhausted claims, *i.e.*, his allegations that he did not understand the proceedings against him and that his sentence is improperly disproportionate to that of his co-defendant; however, as noted by the respondent, these claims appear to be procedurally defaulted due to petitioner's failure to file a timely appeal of the appellate court's denial of his post conviction petition to the Ohio Supreme Court.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).


April 28, 2008                                                        s/Norah McCann King
                                                            Norah McCann King
                                                            United States Magistrate Judge